STATE *v.* HILTON.*

(Division A. Nov. 29, 1926.)

[110 So. 434. No. 26143.]

CRIMINAL LAW. *Conviction in county of theft is bar to prosecution in county to which stolen property was taken (Hemingway's Code, sections 1163, 1164).*

While under Code 1906, section 1408 (Hemingway's Code, section 1163), one stealing in one county and bringing the property into another may be tried therefor in the latter as well as the former, conviction or acquittal in one is, under section 1409 (1164), bar to prosecution in the other.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 277, n. 19.

APPEAL from circuit court of Newton county.

HON. G. E. WILSON, Judge.

Jake Hilton was indicted for larceny, and from an order overruling demurrer to plea of *autrefois convict,* the state appeals. Affirmed.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

It was the contention of the state in the court below that defendant could be tried and convicted in both Jasper county and Newton county, as he had stolen the cotton in one county and carried it into the other county. It was the contention of the defendant that the conviction in Jones county barred any further prosecution in Newton county. See sections 1163-1164, Hemingway's Code.

We think it clear from these two statutes that even though a person may be prosecuted in any county in which he steals property or through or into which he carries the stolen property, a conviction in any of the counties is a bar to any further prosecution. We think the demurrer to the plea of *autrefois convict* was properly overruled. However, we submit the cause to the determination of this court.

Reporter's note: No brief was filed for appellee.

COOK, J., delivered the opinion of the court.

In the circuit court of Newton county, the appellee, Jake Hilton, was indicted for the larceny of two bales of cotton of the value of one hundred fifty dollars each. At the trial of the case, when the state's testimony developed the fact that the cotton was stolen in Jasper county and carried into Newton county, the appellee filed a plea of *autrefois convict.* The state demurred to this plea, and, this demurrer being overruled, declined to

plead further, and the plea was taken as confessed, and the defendant discharged. From the order overruling this demurrer to the plea, the state has prosecuted this appeal.

The plea properly averred the former conviction of the appellee in the circuit court of the First judicial district of Jasper county for the theft of the same two bales of cotton for the stealing of which he then stood indicted and was being tried in Newton county.

It was the contention of the state in the court below that the defendant could be tried and convicted in both Jasper and Newton counties, since the cotton was stolen in Jasper county and carried into Newton county. A mere reading of the statutes covering the subject demonstrates the error of this contention. Section 1408, Code of 1906 (section 1163, Hemingway's Code), reads as follows:

"Where the property is stolen in another state or country and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found."

Under this section, an offender may be indicted and tried for larceny in any county into or through which the stolen property may have passed, or where it may be found, but section 1409, Code of 1906 (section 1164, Hemingway's Code), provides that:

"Every person charged with an offense committed in another state, territory, or country may plead a former conviction or acquittal for the same offense in such other state, territory, or country; and, if such plea be established, it shall be a bar to any further proceedings for the same offense here."

Under this section, a former conviction or acquittal for the same offense, in a court of another county having jurisdiction thereof, is a bar to further prosecution for

the offense.    The demurrer to the plea was properly overruled, and the judgment of the court below will be affirmed.

*Affirmed.*